# Exhibit T



FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**ANAND K. SHARMA**
(202) 408-4446
anand.sharma@finnegan.com

March 31, 2020

Terrence J. Wikberg
PERKINS COIE LLP
607 14th Street, NW
Washington, DC  20005
Tel: (202) 434-1649
Fax: (202) 654-9149
Twikberg@PerkinsCoie.com

*Carnegie Institution of Washington et al. v. Pure Grown Diamonds, Inc. et al.*

Terry:

Allegations of patent infringement, similar to any claims lodged in a federal district court, require a good-faith basis. Respectfully, no such basis was provided in the Complaint, and you declined Defendants' offers to explain why those allegations are incorrect. Having reviewed Plaintiffs' infringement contentions, Defendants' concerns as to the basis for this lawsuit remain.

Plaintiffs did not invent the process for growing CVD diamonds or annealing them. That technology is decades old, as recognized by the asserted patents themselves. Any alleged improvements in the asserted patents are directed to the specific process limitations recited in the claims, and Defendants do not practice them. Regardless, the very limitations represented to the Patent Office as inventive are invalid in view of the prior art, including in view of references and information not considered by the Examiner. Rather than waiting until after our clients accrue additional, needless legal expenses, we wanted to provide notice now of what you will learn through discovery. We submit that the provision of this information now should lead to an immediate dismissal of Plaintiffs' claims under Fed. R. Civ .P Rule 41(a)(1)(A)(i).

Regarding invalidity, you and your clients now have our contentions. You also have our challenges for lack of patentable subject matter showing the asserted claims embody unpatentable laws/phenomena of nature.

Even if one or both of the patents survive the §101 patentability challenges, the asserted claims are invalid over the prior art. For the '189 Patent, your clients can—at best—only argue that applying a known process to CVD diamonds is patentably distinct from applying it to natural diamonds. It is not. Defendants are not only convinced that they will prevail on this issue, they feel that any argument to the contrary is

*Carnegie Institution of Washington et al. v. Pure Grown Diamonds, Inc. et al.*
March 31, 2020
Page 2

unreasonable for reasons the complaint itself acknowledges (e.g., "[L]ab grown diamonds have the same physical, chemical and optical qualities as diamonds mined from the earth"). Moreover, your clients, having tried and failed to initiate an interference against U.S. Patent No. 6,811,610, resorted to altering its inventorship through reissue after purchasing it. Because reissue is only available to correct "error[s] without any deceptive intention" and the '610 Patent suffered from no such error, your client had no basis for seeking reissue, making the '189 Patent void.

Defendants also feel strongly that the '078 Patent is invalid. The prior art—including anticipatory prior art—clearly shows that the growth conditions and processes recited in the asserted claims of the '078 Patent were known.

We trust that your clients now understand these weaknesses in the validity of their patents. But even if an asserted claim of the patents at issue somehow survives these invalidity challenges, neither Defendant would infringe. PGD does not grow diamonds or anneal diamonds, and the processes employed by 2AT are distinct from those claimed in the asserted patents.

Moreover, the asserted claims are method claims. In addition to the exemplary bases of non-infringement provided above, please note that 2AT does not perform any methods for making or processing diamonds inside of the United States, nor does it sell products there. Please also note that PGD does not perform *any* methods for making or processing diamonds anywhere in the world, let alone in the United States.

From the complaint and contentions, Plaintiffs appear to have several misconceptions about these points that warrant immediate correction. For example, Plaintiffs appear to believe PGD grows or processes CVD diamonds. It does not. PGD is merely a wholesaler/trader and does not have, nor has it ever had, any manufacturing or processing operations. Plaintiffs also appear to believe PGD serves as the exclusive distributor of 2AT's diamonds. That is also untrue. PGD and 2AT do not have any trade transactions.

Further, the Internet resources cited in Plaintiffs' complaint and infringement contentions are both outdated and incorrect. As just one example, the infringement contentions include an image that purports to show "Pure Grown Diamonds' (Gemesis Corporation) Chemical Vapor Deposition (CVD) Facilities in the USA." Even a cursory investigation of public sources would have shown several severe errors with this erroneous caption:

- First, public information shows The Gemesis Corporation moved its diamond processing and manufacturing operations from Florida to Malaysia in 2010. Florida incorporation records also show The Gemesis Corporation ceased to exist years ago.

*Carnegie Institution of Washington et al. v. Pure Grown Diamonds, Inc. et al.*
March 31, 2020
Page 3

- Second, public records show a separate company, called Gemeis, Inc., which later became Pure Grown Diamonds, Inc., was established in 2013. This is not The Gemesis Corporation and has never had diamond growth or processing equipment. It has always been a diamond wholesaler/trader with no manufacturing capacity.

- Third, 2AT is a home-grown company that began in Singapore in 2005. It is not linked to any Gemesis entity or PGD.

Please share this letter with your clients so they, too, may now appreciate Defendants' positions regarding the impropriety of Plaintiffs' allegations. They warrant an immediate withdrawal. Continued pursuit of those claims will only further demonstrate that they were brought without a good-faith basis and make clear this an exceptional case.

Regards,

Anand K. Sharma

PKS/mrm