PerkinsCoie

700 13th Street, NW
Suite 800
Washington, D.C. 20005-3960

T +1.202.654.6200
F +1.202.654.6211
PerkinsCoie.com

May 29, 2020

Terrence J. Wikberg
TWikberg@perkinscoie.com
D. +1.202.654.6201
F. +1.202.654.9149

**VIA ECF**

The Honorable Jed S. Rakoff, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *Carnegie Institution of Washington and M7D Corporation v. Pure Grown Diamonds, Inc., et al.*, 1:20-cv-00189-JSR; *Carnegie Institution of Washington and M7D Corporation v. Fenix Diamonds LLC*, 1:20-cv-00200-JSR.

Dear Judge Rakoff:

      Plaintiffs request that Your Honor reject defendants' attempts to seek discovery of plaintiffs' manufacturing processes. Defendants seek discovery that is irrelevant, commercially sensitive, unduly burdensome and not material to this case.

**I.    Plaintiffs' Allegations Do Not Justify Discovery of its Manufacturing Processes.**

      As defendants PGD and 2AT ("PGD") and Fenix (together, "Defendants") reluctantly acknowledge, plaintiffs are not seeking lost profits. This fundamentally distinguishes the *Flexiteek Ams., Inc. v. Plasteak, Inc.*, 2013 WL 12090042 (S.D. Fla. June 14, 2013) case relied on by defendants. (PGD Letter at 1; Fenix Letter at 2.) Plaintiffs are requesting damages in the form of a reasonable royalty, which does not relate to—or warrant discovery into—plaintiffs' manufacturing processes. *See Surefire, LLC v. Jetbeam USA*, No. 12CV121-JLS MDD, 2014 WL 1512983, at *2 (S.D. Cal. Apr. 16, 2014) (denying discovery into the origin and manufacture of plaintiff's products where such information had no bearing on *inter alia* reasonable royalties).

      Where courts have allowed such discovery, it is narrowly limited to aspects of the plaintiff's process that embodies the asserted patent. *See Dentsply Int'l, Inc. v. US Endodontics, LLC*, No. 2:14-CV-00196-JRG, 2016 WL 6088476, at *4 (E.D. Tenn. May 23, 2016). Defendants' discovery requests in the case are far broader than the discovery granted in cases where, unlike here, the processes are relevant. *See id.*

      PGD's argument that plaintiffs' manufacturing processes are relevant to their request for injunctive relief is similarly flawed. PGD argues that the "lack of commercial activity by the patentee is a significant factor" when assessing irreparable harm. (PGD Letter at 1.) But Defendants already know that plaintiffs engage in commercial activity and indeed are a direct competitor. *See* ECF No. 45 (Fenix Letter), Ex. A. Nor is the requested discovery justified because plaintiffs assert infringement by the doctrine of equivalents. The *Ferring B.V. v. Barr Labs., Inc.* case cited by PGD is inapposite because that plaintiff *conceded* that its product did not practice the patent, and that defendant produced the *same product* as plaintiff. 2005 WL 437981, at *17 (S.D.N.Y. Feb. 7, 2005). Here, Plaintiffs have drawn no such parallel between its products and those offered by defendants.

The Honorable Jed S. Rakoff
May 29, 2020
Page 2

## II. Plaintiff's Manufacturing Processes Is Irrelevant to Defendants' Invalidity Case.

It is a *plaintiff's* prerogative to proffer secondary considerations to overcome a defendant's prima facie showing that prior art discloses the claimed invention. *Prometheus Labs., Inc. v. Roxane Labs., Inc.*, 805 F.3d 1092, 1102 (Fed. Cir. 2015). It is nonsensical for defendants to argue that plaintiffs must allow discovery of their manufacturing processes because of their purported relevance to secondary considerations. (PGD Letter at 2; Fenix Letter at 2.) Moreover, the cases cited by defendants fail to support their respective propositions because none of them suggest it is permissible to discover a plaintiff's trade secret information. In both *ClassCo, Inc. v. Apple, Inc.*, 838 F.3d 1214, 1222 (Fed. Cir. 2016) and *ArcelorMittal v. AK Steel Corp.*, 2019 WL 486886, at *9 (D. Del. Feb. 7, 2019), the courts assessed *public* information as evidence of commercial success, as Defendants are welcome to do here.

Defendants' enablement argument fails for similar reasons. The enablement requirement "is met when at the time of filing the application one skilled in the art, *having read the specification*, [can] practice the invention without 'undue experimentation.'" *Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330, 1336 (Fed. Cir. 2013). The '078 patent specifies particular temperature gradients and pressure for manufacturing CVD diamonds. The '189 patent prescribes temperatures and pressures for annealing diamonds for improving their clarity. The patents' recitation of specific parameters eliminates the possibility of "undue experimentation." *See Hitkansut LLC v. United States*, 130 Fed. Cl. 353, 390 (2017), *aff'd*, 721 F. App'x 992 (Fed. Cir. 2018) (finding claims enabled where specification disclosed specific parameters for carrying out the claimed invention).

Lastly, Defendants cite *Ormco Corp. v. Align Tech* to argue the plaintiffs' manufacturing processes is relevant to enablement of the patents-in-suit. 498 F.3d 1307 (Fed. Cir. 2007) Defendants' reliance however is misplaced. The Court in *Ormco* found lack of enablement based on admissions during the inventors' deposition, not discovery of plaintiffs' materials. *Id*. at 1319. In *Ormco,* the inventors conceded they had never attempted to implement certain features claimed in the asserted patent. *Id*. at 1318. Defendants are free to take third-party discovery from the inventors, and indeed have already served subpoenas on multiple inventors. In view of this available evidence, Plaintiffs' current processes are not relevant.[1]

---

[1] Fenix cites two additional cases in support of its enablement argument: *Novo Nordisk Pharm., Inc. v. Bio-Tech. Gen. Corp.*, 424 F.3d 1347 (Fed. Cir. 2005) and *Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330 (Fed. Cir. 2013). Neither involve discovery of a plaintiff's manufacturing process. In *Novo*, the Court examined a publicly available inventor declaration to assess enablement. 424 F.3d at 1362. In *Cephalon*, the Court's enablement analysis rested on inventor's testimony. 707 F.3d at 1339, n.10.

The Honorable Jed S. Rakoff
May 29, 2020
Page 3

### III. The Court Should Decline To Revisit Defendants' Failed *Twombly/Iqbal* Argument.

The Court ruled in its May 8 Opinion and Order that plaintiffs' complaint met the pleading requirements of *Iqbal* and *Twombly*, finding plausible their allegations that "defendants' diamonds could not be of the type and quality claimed unless produced through infringing methods." (*See* 1:20-cv-00200, Dkt No. 42 at 10-11.) Now, Fenix argues that it should be allowed to "investigate the accuracy of Plaintiffs' contentions." (Fenix at Letter 2.) This is nothing more than an attempt to rehash a losing argument—only now through the lens of *plaintiff's* products. Fenix further argues that if plaintiffs do not practice the patents-in-suit, then "plaintiff's primary theory of infringement is incorrect." Fenix forgets that it is defendants' manufacturing processes that are at issue here, not plaintiffs'.

### IV. Plaintiff's Manufacturing Processes Are a Trade Secret Not Subject to Discovery.

Contrary to PGD's assertion, courts do not take lightly the decision to order discovery of trade secret material and are particularly cautious where the parties are competitors. *Gen. Mills, Inc. v. Standard Brands Inc.*, No. CIV-1-76-90, 1976 WL 20996, at *1 (E.D. Tenn. Sept. 14, 1976) ("[C]aution should be used in permitting a plant inspection, which will expose [trade] secrets, when the parties are business competitors."). Should the Court nevertheless find plaintiffs must permit discovery of their trade secret manufacturing processes, plaintiffs urge the Court to limit such discovery to the process parameters in the claim limitations, for example, temperature and pressure. The Court should not permit broad discovery of plaintiffs' trade secret processes. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.") Additionally, if plaintiffs have done no analysis comparing the patented methods to their manufacturing processes, they should not be required to undertake such analysis. *See Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.*, No. 01 CIV. 7677, 2002 WL 31309232, at *4 (S.D.N.Y. Oct. 15, 2002) ("It is well-established ... that courts may not compel the creation of documents to comply with a discovery demand.").

### V. Mutual Obligations.

Despite their insistence that plaintiffs reveal their manufacturing processes, defendants have - to date - failed to produce ***the exact information it now seeks from Plaintiffs including process recipes, control paramters and or any documents showing how their CVD equipment controls temperature, pressure or any other aspect of their growth processes***. Indeed, Defendants now seek the exact process information that it continues to withhold from the Plaintiff. This is particularly egregious as Defendants know that ***their*** processes have been at issue in this case from filing. Should the Court set a deadline for plaintiffs to produce manufacturing process documents, defendants should be required to meet at least the same deadline to complete production of their process documents.

The Honorable Jed S. Rakoff
May 29, 2020
Page 4

May 29, 2020

**PERKINS COIE LLP**

By: /s/ Terrence J. Wikberg
    Matthew J. Moffa
    PERKINS COIE LLP
    1155 Avenue of the Americas
    22nd Floor
    New York, NY  10036-2711
    Telephone: (212) 261-6857
    Fax: (212) 399-8057
    e-mail:  MMoffa@PerkinsCoie.com

    Terrence J. Wikberg (*admitted pro hac vice*)
    PERKINS COIE LLP
    607 14th Street, NW
    Washington, DC  20005
    Telephone (202) 434-1649
    Fax: (202) 654-9149
    e-mail:  Twikberg@PerkinsCoie.com

    *Counsel for Plaintiffs*
    *Carnegie Institution of Washington and M7D*
    *Corporation*