```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
CARNEGIE INSTITUTE OF WASHINGTON   :
et al.,                            :
                                   :
      Plaintiffs,                  :    20-cv-189 (JSR)
                                   :
          -v-                      :
                                   :
PURE GROWN DIAMONDS, INC. et al.,  :
                                   :
      Defendants.                  :
                                   :
-----------------------------------x

-----------------------------------x
CARNEGIE INSTITUTE OF WASHINGTON   :
et al.,                            :
                                   :
      Plaintiffs,                  :    20-cv-200 (JSR)
                                   :
          -v-                      :
                                   :    MEMORANDUM ORDER
FENIX DIAMONDS, LLC                :
                                   :
      Defendant.                   :
                                   :
-----------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Defendants in the above-captioned consolidated actions move to compel plaintiffs to produce discovery about the manufacturing processes that they employ to produce synthetic diamonds.[1] Plaintiffs oppose the motion on the grounds of relevance and confidentiality. For the following reasons, the

---

[1] Motion of Defendants Pure Grown Diamonds, Inc. and IIa Technologies Pte. Ltd., ECF No. 48 (May 27, 2020), No. 20-cv-189 (JSR); Motion of Defendant Fenix Diamonds LLC, ECF No. 45 (May 27, 2020), No. 20-cv-200 (JSR).

motion is denied, but without prejudice to renewal at a later stage.

Defendants first argue that plaintiffs have placed the requested discovery at issue by seeking reasonable royalty damages and injunctive relief. As to the reasonable royalty calculation, defendants argue that information about plaintiffs' manufacturing processes is relevant to four of the factors under Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), including "[t]he established profitability of the product made under the patent," and "[t]he portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements." See also id. (factors 8 and 10). As to the plaintiff's claim for an injunction, defendants argue that whether plaintiffs practice the patented methods is relevant to the irreparable harm analysis. See High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc., 49 F.3d 1551, 1556 (Fed. Cir. 1995).

The Court is not persuaded by this rationale. Although the question of whether plaintiffs manufacture diamonds using the patented methods may be relevant to the appropriateness of injunctive relief, the details of any such processes are not. And plaintiffs would be entitled to reasonable royalty damages for infringement of a valid patent, in the amount that a "willing licensor and licensee would bargain for at hypothetical

negotiations," whether plaintiffs practice that patent or not. State Indus., Inc. v. Mor-Flo Indus., Inc., 883 F.2d 1573, 1580 (Fed. Cir. 1989); see 35 U.S.C. § 284. The details of plaintiffs' manufacturing processes are, at best, tangentially relevant to any such calculation, and any relevance is substantially outweighed by plaintiffs' concern about revealing trade secrets.

Defendants further argue, however, that the requested discovery is relevant to their ineligibility defenses, including obviousness, and, most importantly, non-enablement. A defense of non-enablement exists when a person of ordinary skill in the art, having read the specification, still cannot practice the invention without "undue experimentation." Cephalon, Inc. v. Watson Pharm., Inc., 707 F.3d 1330, 1336 (Fed. Cir. 2013). Whether plaintiffs practice the patented methods, and whether they were able to do so without a substantial period of "experimentation," is plainly relevant to this analysis.

At this stage, however, there is a strong possibility that defendants will be able to obtain the information they need to evaluate the validity of this defense through Fed. R. Civ. P. 30(b)(6) depositions of plaintiffs' witnesses, as well as depositions of the inventors of the patents-in-suit. Indeed, in at least one of the cases defendants cite for the proposition that plaintiffs' processes are relevant to the issue of

enablement, the court in fact relied on testimony from such depositions. See Ormco Corp. v. Align Tech, 498 F.3d 1307, 1318-19 (Fed. Cir. 2007). Defendants in both actions here have proffered to the Court that they plan to take 30(b)(6) depositions of both plaintiff entities, and plaintiffs indicate in their briefing that they would not oppose a request to depose the inventors of the patents-in-suit.

Given the probability that defendants will succeed in obtaining the requisite information through these less-burdensome means, and given plaintiffs' legitimate confidentiality concerns, the Court finds that the requested discovery is not, at this point, "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); see also Crawford-El v. Britton, 523 U.S. 574, 598 (1998). The motion is accordingly denied. This denial is, however, without prejudice to renewal if defendants' depositions of plaintiffs and the inventors of the patents-in-suit do not produce the expected information.

SO ORDERED

Dated:    New York, NY
          June 2, 2020

_____
United States District Judge