UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON and M7D CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>PURE GROWN DIAMONDS, INC. and IIA TECHNOLOGIES PTE. LTD. d/b/a IIA TECHNOLOGIES,<br><br>Defendants. | Case No. 20-cv-189 (JSR) |
| CARNEGIE INSTITUTION OF WASHINGTON and M7D CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>FENIX DIAMONDS, LLC,<br><br>Defendant. | Case No. 20-cv-200 (JSR) |

**PROTECTIVE ORDER**

The parties, having agreed to the following terms of confidentiality, and the Court, having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of these actions, it is therefore hereby

ORDERED that any person subject to this Order—including without limitation the parties to these actions, their representatives, agents, experts and consultants, all third parties

1

providing discovery in these actions, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    (a) confidential, proprietary, financial, customer, client or commercial information, trade secrets or nonpublic research or business development;

    (b) previously nondisclosed material relating to ownership or control of any nonpublic company;

    (c) non-public business plans, product development information, or marketing plans;

    (d) any information of a personal or intimate nature regarding any individual;

    (e) any information kept confidential pursuant to law or regulation; or

    (f) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential only such portion of such material as consists of:

(a) trade secrets or other information that the party reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the producing party or its personnel, clients, or customers;

(b) any other material the producing party believes in good faith would not otherwise be adequately protected under the procedures set forth herein if designated Confidential;

(c) information to which applicable law - foreign or domestic - requires the equivalent of "Highly Confidential" treatment; or

(d) any other category of information hereinafter given Highly Confidential status by the Court.

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and, to the extent necessary, by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that all or a portion of the transcript contains Confidential or Highly Confidential information. To the extent deposition material is designated as Confidential or Highly Confidential, the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a person realizes that some portion[s] of Discovery Material previously produced without limitation should be designated as Confidential or Highly Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) outside counsel retained specifically for this action, including any attorney employed by any law firm of record in this action and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) in-house counsel to whom it is reasonably necessary to disclose the information in connection with this action;

(c) current officers, directors, or employees of the parties to the extent that such disclosure is reasonably necessary for the action;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, but only to the extent reasonably necessary for the witness's testimony, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any person retained by a party to serve as an expert witness or otherwise provide specialized advice or services to counsel in connection with this action, provided

such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

 (g) stenographers engaged to transcribe depositions conducted in this action;

 (h) the Court and its support personnel; and

 (i) mediators or other third parties who are appointed by the Court or jointly retained by the parties for settlement purposes and their support personnel.

7. No person subject to this Order other than the producing party shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except, as necessary, to the persons identified in subsections (a), (d), and (f) through (i) of paragraph 6 above.

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(c), 6(e) or 6(f) above, or any disclosure of Highly Confidential Discovery Material to any person referred to in subparagraph 6(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of these cases, whichever comes first.

9. All Confidential or Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with

the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Highly Confidential Discovery Material itself, and not text that in no material way reveals the Confidential or Highly Confidential Discovery Material.

10. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or Highly Confidential Document—or information contained in any Confidential Document or Highly Confidential Document—submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. It is expressly contemplated, agreed and ordered that third parties who provide Discovery Material in this action may invoke all provisions of this Order as to that Discovery Material, and that the parties to this Order will treat all Discovery Material designated by such

third parties as Confidential or Highly Confidential in accordance with the terms of this Order. Any party seeking or receiving third party Discovery Material shall promptly disclose the existence of this Order to the producing third party.

14. If, in connection with these litigations, a party inadvertently discloses information protected from disclosure under the attorney-client privilege, attorney work product doctrine, United States or foreign bank disclosure or foreign bank secrecy laws or regulations or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure ("Inadvertently Disclosed Information"), consistent with Federal Rule of Evidence 502(d), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product, or other protections with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a written certification of counsel that all such information has been returned or destroyed.

16. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information. The parties may stipulate to extend the time periods set forth in paragraphs 15 and 16.

17. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. During the pendency of the motion, the receiving party must destroy the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the

inadvertent production. However, a party is not precluded from arguing that a privilege or protection does not exist and/or has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Order.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

19. <u>Prosecution Bar:</u> Absent written consent from the producing party, any individual who receives access to Confidential or Highly Confidential information of a technical nature shall not be involved in the prosecution of patents or patent applications relating to diamond growth by chemical vapor deposition or diamond annealing such as, for example, treatment using high-pressure/high-temperature conditions, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").[1] For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[2] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* review) or defending such a challenge. For the further avoidance of doubt, the prohibitions in this Prosecution Bar are not intended to and shall not preclude counsel for Plaintiffs or

---

[1] Any party that receive access to Confidential or Highly Confidential information of a technical nature shall implement an ethical wall to prevent disclosure to individuals involved in prosecution of such patents or patent applications.
[2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

Defendants from participating fully in reexamination or *inter partes* review proceedings, including for the asserted patents in the above captioned matter. In terms of an U.S. Patent Office proceeding addressing the validity of either patent asserted in the above-captioned matters, counsel for Plaintiffs or Defendants may not use any of the producing party's Confidential or Highly Confidential information in any such proceedings. Nothing in this provision shall prohibit any attorney of record in these litigations from participating in *inter partes* review, covered business method review, or post-grant review proceedings (including the amendment of claim language that is the subject of any such proceeding) so long as no Confidential or Highly Confidential information of a producing party is used by a receiving party (or its counsel) in any such proceeding. This Prosecution Bar shall begin when access to Confidential or Highly Confidential information is first received by the affected party and shall end one (1) year after final termination of this action.[3]

20. <u>Source Code:</u>

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "Highly Confidential – Source Code" shall be subject to all of the protections afforded to "Highly Confidential" information, including the Prosecution Bar set forth in Paragraph 19, and may be disclosed only to the individuals to whom "Highly Confidential" information may be disclosed, as set forth in Paragraph 7.

---

[3] The Prosecution Bar applies only to individuals who receive access to another party's Confidential or Highly Confidential technical information pursuant to this Order.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.[4]

(d)     The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 20(c) in the first instance. The producing party shall provide all such source code in paper form including bates numbers and the label "Highly Confidential – Source Code." The producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure set forth in Paragraph 10.

(e)     The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party

---

[4] It may be appropriate under certain circumstances to require the receiving party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[5]

21. This Protective Order shall survive the termination of these litigations. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential" and all copies thereof, shall be promptly returned to the producing person, or destroyed, except that counsel may keep a set of documents that were filed in Court.

22. If any party receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity not a party to the above-captioned action purporting to have authority to require the production of any Discovery Material designated as Confidential or Highly Confidential, that party shall give written notice (by e-mail, if possible) within ten days to counsel for the party or parties that produced the Discovery Material, provided doing so would not result in violation of any law or government directive. The party receiving the subpoena shall not produce Confidential or Highly

---

[5] The nature of the source code at issue in a particular case may warrant additional protections or restrictions, For example, it may be appropriate under certain circumstances to require the receiving party to provide notice to the producing party before including "Highly Confidential – Source Code" information in a court filing, pleading, or expert report.

Confidential Discovery Material until the other parties have had a reasonable opportunity to bring a motion to prevent or limit the disclosure, provided doing so would not result in violation of any law or government directive.

23. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

| | |
|---|---|
| /s/ William P. Deni, Jr. | /s/ Daniel P. Waxman |
| William P. Deni, Jr. | Daniel P. Waxman (DW-0599) |
| J. Brugh Lower | BRYAN CAVE LEIGHTON PAISNER LLP |
| GIBBONS P.C. | 1290 Avenue of the Americas |
| One Pennsylvania Plaza, 37th Floor | New York, NY 10104 |
| New York, NY 10119-3701 | Tel: (212) 541-2040 |
| Tel: (212) 613-2000 | dpwaxman@bryancave.com |
| Fax: (212) 290-2018 | |
| wdeni@gibbonslaw.com | Steven H. Sklar (*pro hac vice*) |
| jlower@gibbonslaw.com | Maxwell P. Snow (*pro hac vice*) |
| | LEYDIG, VOIT & MAYER, LTD. |
| Anand K. Sharma (*pro hac vice*) | 180 North Stetson Avenue, Suite 4900 |
| J. Preston Long (*pro hac vice*) | Chicago, Illinois 60601 |
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | Tel: 312.616.5600 |
| 901 New York Avenue, NW | ssklar@leydig.com |
| Washington, DC 20001 | msnow@leydig.com |
| Tel: (202) 408-4000 | |
| Fax: (202) 408-4400 | *Attorneys for Defendant Fenix Diamonds LLC* |
| anand.sharma@finnegan.com | |
| j.preston.long@finnegan.com | |
| | |
| *Attorneys for Defendants* | |
| *Pure Grown Diamonds, Inc. and* | |
| *IIA Technologies Pte. Ltd.* | |

_____
Matthew J. Moffa
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: (212) 261-6857
Fax: (212) 399-8057
MMoffa@PerkinsCoie.com

Terrence J. Wikberg (*admitted pro hac vice*)
PERKINS COIE LLP
607 14th Street, NW
Washington, DC 20005
Telephone (202) 434-1649
Fax: (202) 654-9149
TWikberg@PerkinsCoie.com

*Attorneys for Plaintiffs Carnegie Institution of Washington and M7D Corporation*


SO ORDERED.


Dated: July_2__, 2020                                    _____
                                                          United States District Judge

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON and M7D CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> PURE GROWN DIAMONDS, INC. and IIA TECHNOLOGIES PTE. LTD. d/b/a IIA TECHNOLOGIES, <br><br> Defendants. | Case No. 20-cv-189 (JSR) |
| CARNEGIE INSTITUTION OF WASHINGTON and M7D CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> FENIX DIAMONDS, LLC, <br><br> Defendant. | Case No. 20-cv-200 (JSR) |

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential and Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of these litigations, will disclose such Confidential or Highly Confidential Discovery Material only as expressly permitted by the Protective Order, and that at the conclusion of these litigations I will return all discovery information to the party or attorney

1

2

from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____