# EXHIBIT B



**CONFIDENTIALITY AGREEMENT**

June 29, 2018

Ryan Drews
Associate
Huron Capital Partners LLC
500 Griswold Ste 2700
Detroit, MI 48226

Dear Ryan:

      TM Capital Corp. ("TM Capital") has been retained by _____ (the "Company") as its financial advisor in connection with the evaluation of the Company's strategic alternatives.  You are being provided information concerning the Company exclusively in connection with your investigation thereof.

      TM Capital, as agent of the Company, is furnishing to you certain information (together with any notes, analyses and other information in whatever form (including, without limitation, tangible or intangible embodiments, written, electronic or oral information) related thereto or based thereon, referred to herein as the "Evaluation Material") concerning the Company, and may furnish additional Evaluation Material in the future, which is strictly confidential.  You agree that any Evaluation Material furnished to you by officers, directors, employees, agents or representatives of the Company or TM Capital will be kept strictly confidential.  In no event shall you use such Evaluation Material for any purpose except in connection with your investigation of the Company; provided, however, that you may disclose the Evaluation Material only to your officers, directors, employees, legal counsel, accountants, financing sources, consultants, agents, advisors, operating partners or financial advisors (collectively your "Representatives") who need to know such information for the purpose of assisting you in evaluating the Company, all of whom shall be informed by you of this confidentiality agreement (the "Agreement") and shall agree to be bound by the terms hereof.  You agree that you will be responsible for any breach of this Agreement, as well as any unauthorized disclosure or use of Evaluation Material by your Representatives.

      You agree not to make such Evaluation Material available to any other person or group for any other purpose whatsoever.  You further agree that without the prior written consent of the Company, you will not disclose to any third party, other than your Representatives, the fact that you have received confidential Evaluation Material on the Company, or that discussions or negotiations are taking place or have taken place, or the status thereof.

NEW YORK | BOSTON | ATLANTA

ONE BOSTON PLACE
201 WASHINGTON ST
SUITE 3230
BOSTON, MA 02108

The foregoing restrictions with respect to Evaluation Material furnished to you shall not apply to any Evaluation Material which you demonstrate (i) is or becomes generally available to the public other than as a result of disclosure by you or your Representatives, (ii) is or becomes available to you on a non-confidential basis prior to disclosure to you by the Company or its representatives, (iii) is or becomes available to you on a non-confidential basis from a source other than the Company or its representatives, which source was itself not prohibited from disclosing such information by a contractual or other obligation to the Company or, (iv) is required to be disclosed pursuant to a judicial proceeding or government regulation (in which case you shall advise and consult with the Company and its counsel prior to any proposed disclosure and shall cooperate with the Company in any attempts it may make to obtain a protective order or other appropriate assurance that confidential treatment will be afforded the Evaluation Material).

The Company acknowledges that, as a private equity investor, you consider, make, and have made investments in a variety of markets and that your participation in the evaluation of the Company for an investment may enhance your understanding of the markets in which you may now, or in the future, compete as a principal investor or operator and that such further understanding will not, in and of itself, be considered a violation of this Agreement.

Company hereby retains its entire right, title and interest, including all intellectual property rights, in and to all Evaluation Material. Any disclosure of Evaluation Material hereunder shall not be construed as an assignment, grant, option, license or other transfer of any such right, title or interest whatsoever to You or any of your Representatives.

You acknowledge that neither the Company, nor TM Capital, nor any of their representatives makes any express or implied representation or warranty as to the accuracy or completeness of any Evaluation Material, and you agree that no such person will have any liability to you or your Representatives on any basis resulting from your use of the Evaluation Material. Only those representations or warranties which are made in a final definitive agreement regarding any transactions contemplated hereby, when, as and if executed, and subject to such limitations and restrictions as may be specified therein, will have any legal effect.

You agree not to initiate or maintain contact with any officer, director, employee, supplier, customer, sub-contractor or agent of the Company with respect to the matters discussed herein, except with the express written permission of the Company or TM Capital.  You also agree that, for a period of two years from the date hereof, you will not directly or indirectly solicit to employ, use any of the Evaluation Material to solicit to employ or hire any current employee of the Company specifically identified during the period of Company evaluation without obtaining the prior written consent of the Company.  However, the foregoing restriction shall not preclude you or your Representatives from employing any employee who responds to a general solicitation for employment not specifically directed towards employees of the Company or who contacts you of their own accord.

NEW YORK   |   BOSTON   |   ATLANTA

ONE BOSTON PLACE
201 WASHINGTON ST
SUITE 3230
BOSTON, MA 02108

HIGHLY CONFIDENTIAL

CARN-FEN_00186132

In the event that you or any of your Representatives are requested or required in any proceeding to disclose any Evaluation Material received by you or your Representatives, you will to the extent legally permissible give the Company notice as soon as possible of such request so that the Company may seek an appropriate protective order.  If, in the absence of a protective order, you or your Representatives are nonetheless, in the opinion of your counsel, legally compelled to disclose any such Evaluation Material, you or your Representatives may disclose such Evaluation Material without liability hereunder, provided that (i) you disclose in such proceeding only that portion of the Evaluation Material which such counsel advises you is legally required to be disclosed, and (ii) you exercise your best efforts to ensure that confidential treatment will be accorded the Evaluation Material in such proceeding.

This Agreement will be governed by and construed in accordance with the laws of the State of Delaware, without regard to the principles of conflict of laws thereof.  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but both of which shall constitute the same agreement.  Title to the Evaluation Material shall remain in the Company.  You agree upon the request of either the Company or TM Capital to return to TM Capital or destroy all Evaluation Material furnished to you without retaining any copies thereof or extracts therefrom.  Notwithstanding the foregoing, you or your Representatives may keep a copy of the Evaluation Material (i) to the extent such a copy is required by such person to comply with applicable law, regulation, court or in order to comply with your or their internal document retention policies or (ii) to the extent you have copies of computer records and files containing Evaluation Material, which have been created as a result of automatic archiving, back-up procedures or a bona fide document retention policy.  The terms of this Agreement will survive the return of such Evaluation Material.

You acknowledge that a breach by you of any of the provisions of this Agreement could cause irreparable harm to the Company for which it could not be adequately compensated with money damages.  Accordingly, in the event of any such breach, you agree that the Company shall be entitled to seek temporary and permanent injunctive relief and specific performance of the provisions hereof without the necessity of proving actual damage or posting a bond or other security, which shall be in addition to any and all other legal and equitable remedies available.

You and the Company acknowledge and agree that unless and until a written definitive agreement concerning a transaction has been executed, neither the Company nor you nor any of your respective agents or representatives will have any liability to the other with respect to a transaction, whether by virtue of this Agreement, any other written or oral expression with respect to a transaction or otherwise, and each of the Company and you will have the right at any time to terminate discussions concerning a possible transaction.

This Agreement (i) contains the sole and entire agreement between the parties with respect to the subject matter hereof and (ii) may be amended, modified or waived only by a separate written instrument duly executed by or on behalf of the Company and you.

NEW YORK   |   BOSTON   |   ATLANTA

ONE BOSTON PLACE
201 WASHINGTON ST
SUITE 3230
BOSTON, MA 02108

HIGHLY CONFIDENTIAL                                                                                                           CARN-FEN_00186133

To the extent that any Evaluation Material includes materials subject to the attorney-client privilege, the Company is not waiving, and shall not be deemed to have waived or diminished, its attorney work-product protections, attorney-client privileges, or similar protections and privileges as a result of disclosing any Evaluation Material (including Evaluation Material related to pending or threatened litigation) to you or any of your Representatives.

Neither this Agreement nor any of the rights or obligations hereunder may be assigned by you without the prior written consent of the Company. Any purported assignment without such consent shall be void and unenforceable. Any purchaser of the Company or all or substantially all of the assets of the Company shall be entitled to the benefits of this Agreement, whether or not this Agreement is assigned to such purchaser.

This Agreement shall expire two years from the date hereof.

If the foregoing correctly sets forth our agreement, please so indicate by executing this Agreement in the space provided below and return one copy of this letter to TM Capital.

Very truly yours,

TM CAPITAL CORP.

for the benefit of the Company

By: _____

Jarrad S. Zalkin

Managing Director

Accepted and agreed to as

of the date written below:

By:   Ryan Drews

HIGHLY CONFIDENTIAL                                                                                                                    CARN-FEN_00186134

Date: June 29, 2018

NEW YORK | BOSTON | ATLANTA

ONE BOSTON PLACE
201 WASHINGTON ST
SUITE 3230
BOSTON, MA 02108

HIGHLY CONFIDENTIAL                                           CARN-FEN_00186135