PERKINSCOIE

1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

T  +1.212.262.6900
F  +1.212.977.1649
PerkinsCoie.com

August 11, 2020

Matthew J. Moffa
MMoffa@perkinscoie.com
D.  +1.212.261.6857
F.  +1.212.399.8057

**VIA ECF**

The Honorable Jed S. Rakoff, United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:**    ***Carnegie Institution of Washington and M7D Corporation v. Pure Grown Diamonds,***
***Inc., et al.*, 1:20-cv-00189-JSR; *Carnegie Institution of Washington and M7D***
***Corporation v. Fenix Diamonds LLC*, 1:20-cv-00200-JSR.**

Your Honor:

During yesterday's hearing on Plaintiffs' motion to dismiss, the Court ordered the parties to file
letter briefs justifying the exhibits attached to their motion papers. Plaintiffs accordingly file this
letter regarding the exhibits attached to their opening and reply memoranda of law. With their first
filing, Plaintiffs included Exs. 1–7: two were courtesy copies of legal authorities provided for the
Court's convenience (namely, prior versions of the Manual of Patent Examining Procedure of the
U.S. Patent and Trademark Office ("PTO") and a prior version of title 37 of the Code of Federal
Regulations); the remaining five were documents referred to in Defendants' Affirmative Defenses
and Counterclaims, which Plaintiffs had moved to dismiss. Plaintiffs also provided the legal
authority that allows consideration of these exhibits on the motion to dismiss. *See* 20-cv-189 ECF
No. 61 at 3 n.3; 20-cv-200 ECF No. 68 at 3 n.3. With their second filing, Plaintiffs included Ex. 8,
the last in a series of letters that Defendants had incompletely provided with their opposition brief.

**LEGAL STANDARD**

**A.    Documents Integral to Pleadings**

In the Second Circuit, a complaint is "deemed to include any written instrument attached to it as
an exhibit, materials incorporated in it by reference, and documents that, although not incorporated
by reference, are integral to the complaint." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d
75, 80 (2d Cir. 2018) (citation omitted). The Second Circuit has explained that "documents
plaintiffs had either in its possession or had knowledge of and upon which they relied in bringing
suit" are considered "integral to its complaint." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d
42, 48 (2d Cir. 1991). As seen in *Cortec*, the concept of "integral" documents is particularly
applicable when fraud is alleged. *Id.* at 44–48 (document on which securities fraud allegation was
based deemed integral to the complaint). In actions "based on allegations of material
misrepresentations or omissions," "the very documents that are alleged to contain the various

Hon. Jed S. Rakoff
August 11, 2020
Page 2

misrepresentations or omissions" may be considered even if they are outside the pleading, particularly when the "documents are required by law to be filed" with an agency (in that case, the SEC) and for which "no serious question as to their authenticity can exist." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). As the court in that case explained, "a plaintiff whose complaint alleges that such documents are legally deficient can hardly show prejudice resulting from a court's studying of the documents." *Id.*

"Moreover, permitting judicial review of documents used by a plaintiff in drafting the complaint prevents a plaintiff from maintaining a claim 'by extracting an isolated statement from a document and placing it in a complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not [actionable].'" *SEC v. Siebel Sys., Inc.*, 384 F. Supp. 2d 694, 700 (S.D.N.Y. 2005) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). It is thus "well settled in this Court that when a plaintiff specifically relies on a document in drafting its complaint, thereby incorporating that document by reference, a court may properly consider the entire document to avoid 'cherry-picking' by plaintiffs." *In re Refco Sec. Litig.*, No. 07 MDL 1902 (JSR), 2012 WL 607612, at *3 (S.D.N.Y. Feb. 17, 2012); *see also Kramer*, 937 F.2d at 774 ("Were courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure."). "A plaintiff cannot prevent the Court from examining [extraneous documents] simply by failing to attach the documents to the complaint, or even by failing to explicitly cite to them in the complaint." *Siebel*, 384 F. Supp. 2d at 700 (citing *In re Burlington*, 114 F.3d at 1426)).

Following these principles, courts in this circuit have determined that deposition testimony, hearing testimony, and correspondence are "integral" to a pleading and have considered them for motions to dismiss. *See, e.g.*, *Robert H. Law, Inc. v. Woodbine Bus. Park, Inc.*, No. 5:13-CV-1393 (GTS/DEP), 2018 WL 851382, at *23 (N.D.N.Y. Feb. 12, 2018) (deposition testimony); *Foster v. Diop*, 2013 WL 1339408, at *15 n.5 (E.D.N.Y. Mar. 31, 2013) (hearing transcript); *Vosburgh v. Burnt Hills-Ballston Lake Cent. Sch. Dist.*, No. 1:18-CV-1003 (MAD/CFH), 2019 WL 315054, at *4–5 (N.D.N.Y. Jan. 24, 2019) (letters received by the plaintiff), *aff'd sub nom.*, *McHerron v. Burnt Hills-Ballston Lake Cent. Sch. Dist.*, 778 F. App'x 54 (2d Cir. 2019).

**B.      Public Records**

For motions to dismiss, Courts may also take judicial notice of public records without converting the motions into ones for summary judgment. *See Kramer*, 937 F.2d at 773–74; *Bentley v. Dennison*, 852 F. Supp. 2d 379, 382 n.5 (S.D.N.Y. 2012) ("Judicial notice of public records is appropriate—and does not convert a motion to dismiss into a motion for summary judgment— because the facts noticed are not subject to reasonable dispute and are capable of being verified by sources whose accuracy cannot be reasonably questioned."). This concept applies to "official records of the [PTO] and the United States Copyright Office." *Telebrands Corp. v. Del Labs., Inc.*,

Hon. Jed S. Rakoff
August 11, 2020
Page 3

719 F. Supp. 2d 283, 287 n.3 (S.D.N.Y. 2010). Courts in this district have specifically taken judicial notice of patent prosecution histories, even where—unlike here—the prosecution histories were not referenced in the complaint. *See, e.g.*, *Anchor Sales & Mktg., Inc. v. Richloom Fabrics Grp., Inc.*, No. 15-CV-4442 (RA), 2016 WL 4224069, at *2 n.1 (S.D.N.Y. Aug. 9, 2016) ("The Amended Complaint does not refer to the '633 Patent's prosecution history. The Court, however, 'may take judicial notice of official records of the [PTO].'" (quoting *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 345 (S.D.N.Y. 2014))); *see also Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018) (on *de novo* review of order granting Rule 12 motion, considering relevant patent prosecution histories as "public records").

**ANALYSIS**

Here, Plaintiffs' motion provided documents that the Defendants referred to several times throughout their pleadings, and which formed the basis for Defendants' claims of inequitable conduct. Most of these documents were also public records. Specifically, the Plaintiffs included:

- Excerpts from the PTO prosecution history for Patent App. No. 10/161,266, which issued as Patent No. 6,811,610 ("the '610 Patent") (the predecessor to Patent No. RE41,189 ("the '189 Patent") asserted in this case); Defendants allege that one of the applicants for that patent (Dr. Li) committed inequitable conduct during that prosecution.

- Excerpts from the PTO prosecution history for the Patent App. No. 10/889,171 (an earlier patent application filed by Carnegie); Defendants allege that Carnegie filed a fraudulent declaration from its scientists during that prosecution.

- Excerpts from the PTO prosecution history for Reissue Patent App. No. 12/362,529, which reissued as the '189 Patent (the application Carnegie filed seeking reissue of the '610 Patent); Defendants allege that Carnegie filed a fraudulent declaration in prosecution.

- A copy of the '610 Patent; Defendants allege that Carnegie committed fraud when it sought to correct the inventorship of that patent.

- Excerpts from the June 11, 2020 deposition of Dr. Robert Frushour, an inventor on the '610 Patent; Defendants allege that this deposition establishes the fraudulent nature of Carnegie's activity.

- An April 30, 2009 letter from Carnegie's patent counsel (Mr. Paul Kokulis) to Mr. James Singer, counsel for Diamond Innovations (a prior owner of the '610 Patent); Defendants allege that correspondence shows Carnegie refused to investigate a material issue, the failure to investigate was not disclosed to the PTO, and the omission amounted to inequitable conduct.

Hon. Jed S. Rakoff
August 11, 2020
Page 4

These documents are all integral to the Defendants' pleadings because, as shown in the table below, Defendants repeatedly refer to them in stating their claims. The two other documents Plaintiffs attached are prior versions of PTO rules and regulations and, thus, public records. These documents were provided in response to Defendants' allegations that Carnegie failed to meet its legal obligations under Patent Office Rules, and were provided to the Court as a courtesy. The table below identifies each exhibit Plaintiffs attached to their motion briefs (by exhibit number) and notes the legal authority under which the Court may consider the documents on a motion to dismiss, as either a document that is "integral" to the complaint and/or matters of public record on which the Court can take judicial notice.

| Ex. No. | Description | References in Pleadings | Basis for consideration |
|---|---|---|---|
| **Ex. 1** | Patent App. No. 10/161,266 prosecution history | PAD[1] ¶¶ 9, 12, 13, 20, 38, 41, 43, 44, 46, 47, 59, 60<br>PCC[2] ¶¶ 17, 20, 28, 46, 49, 51, 52, 54, 55<br>FAD[3] ¶¶ 7, 10, 18, 36, 39, 41, 42, 44, 45, 51<br>FCC[4] ¶¶ 53, 56, 64, 82, 85, 87, 88, 90, 91 | Integral document, *see supra* Section A<br><br>Public record, *see supra* Section B |
| **Ex. 2** | Patent App. No. 10/889,171 prosecution history | PAD ¶¶ 11, 12, 13, 17, 26, 29, 43, 44, 45, 55, 58, 59<br>PCC ¶¶ 19, 20, 21, 25, 34, 37, 51, 52, 53<br>FAD ¶¶ 9, 10, 11, 15, 24, 27, 41, 42, 43<br>FCC ¶¶ 55, 56, 57, 61, 70, 73, 87, 88, 89 | Integral document, *see supra* Section A<br><br>Public record, *see supra* Section B |
| **Ex. 3** | Reissue Patent App. No. 12/362,529 prosecution history | PAD ¶¶ 22, 24, 26, 27, 29, 31, 32, 49, 53, 54, 55, 56<br>PCC ¶¶ 30, 32, 34, 35, 37, 39, 40, 57<br>FAD ¶¶ 20, 22, 24, 25, 27, 29, 30, 47<br>FCC ¶¶ 66, 68, 70, 71, 73, 75, 76, 93 | Integral document, *see supra* Section A<br><br>Public record, *see supra* Section B |

[1] "PAD" refers to Defendants Pure Grown Diamonds, Inc. ("PGD") and IIa Technologies Pte. Ltd.'s affirmative defenses, C.A. No. 1:20-cv-00189-JSR, ECF No. 56 at 1–17.
[2] "PCC" refers to PGD's counterclaims, C.A. No. 1:20-cv-00189-JSR, ECF No. 56 at 18–32.
[3] "FAD" refers to Defendant Fenix Diamonds LLC's ("Fenix") affirmative defenses, C.A. No. 1:20-cv-00200-JSR, ECF No. 57 at 1–18.
[4] "FCC" refers to Fenix's counterclaims, C.A. No. 1:20-cv-00200-JSR, ECF No. 57 at 18–37.

Hon. Jed S. Rakoff
August 11, 2020
Page 5

| Ex. No. | Description | References in Pleadings | Basis for consideration |
|---|---|---|---|
| **Ex. 4** | The '610 Patent | PAD ¶¶ 10, 20, 25, 26, 27<br>PCC ¶¶ 18, 28, 33, 34, 35<br>FAD ¶¶ 8, 18, 23, 24, 25<br>FCC ¶¶ 54, 64, 69, 70, 71 | Integral document, *see supra* Section A<br><br>Public record, *see supra* Section B |
| **Ex. 5** | Excerpts from the Manual of Patent Examining Procedure, Eighth Edition | *See, e.g.,* PAD ¶ 22 (alleging Carnegie had obligation to contact Dr Frushour)<br>PCC ¶ 30 (same)<br>FAD ¶ 20 (same)<br>FCC ¶ 66 (same) | Public record, *see supra* Section B<br><br>Courtesy copy of contemporaneous administrative rule, provided for Court's convenience |
| **Ex. 6** | Excerpts of Title 37 from the Code of Federal Regulations revised July 1, 2008 | *See, e.g.,* PAD ¶ 24 (implying Carnegie had obligation to file inventor declarations)<br>PCC ¶ 32 (same)<br>FAD ¶ 22 (same)<br>FCC ¶ 68 (same) | Public record, *see supra* Section B<br><br>Courtesy copy of contemporaneous Federal rule, provided for Court's convenience |
| **Ex. 7** | Excerpts of June 11, 2020 deposition of Dr. Robert H. Frushour | PAD ¶¶ 14, 15, 33<br>PCC ¶¶ 22, 23, 41<br>FAD ¶¶ 12, 13, 31<br>FCC ¶¶ 58, 59, 77 | Integral document, *see supra* Section A |
| **Ex. 8** | Correspondence from Paul Kokulis dated April 30, 2009 | PAD ¶¶ 17, 36<br>PCC ¶¶ 25, 44<br>FAD ¶¶ 15, 34<br>FCC ¶¶ 61, 80 | Integral document, *see supra* Section A |

Plaintiffs respectfully submit that their inclusion of these documents with their motion papers was therefore appropriate and in accordance with the law of this circuit.

Respectfully submitted,

/s/ Matthew J. Moffa

Matthew J. Moffa

cc:     Counsel of record (via ECF)