

ANAND K. SHARMA
(202) 408-4446
anand.sharma@finnegan.com

August 11, 2020

**VIA ECF**

The Honorable Jed S. Rakoff, United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Carnegie Institution of Washington and M7D Corporation v. Pure Grown Diamonds, Inc., et al.*, 1:20-cv-00189-JSR

Dear Honorable Judge Rakoff:

We address your Honor's request for briefing on the appropriateness of Defendants' citation to Exhibits A-H in their opposition to Plaintiffs' motion to dismiss Defendants' Amended Defenses and Counterclaims (DI 66, hereinafter referred to as "Defendants' Opposition"). Defendants respectfully submit the exhibits in Defendants' opposition were specifically referenced, described, and relied upon as part of the Amended Defenses and Counterclaims and were therefore properly provided to the Court to consider at its discretion.

### *Background regarding the pleadings*

Defendants' Amended Defenses and Counterclaims (DI 56, hereinafter referred to as "ADC") are unique in that they were filed after the parties engaged in substantial party and third-party discovery relevant to Defendants' inequitable conduct defense and counterclaim to Plaintiffs' infringement allegations. In accordance with Fed. R. Civ. P. 9(b), the ADCs include detailed assertions based upon such information, including supporting references and citations to evidence all parties had obtained in discovery. Plaintiffs, in their motion to dismiss, questioned the plausibility of Defendants' allegations as pled. To assist the Court in deciding whether to grant Plaintiffs' requested relief, Defendants attached as exhibits to their opposition the evidence specifically referenced in, and which forms the basis for, their allegations.

August 11, 2020
Page 2

Defendants' intent was merely to show the plausibility of their allegations by providing the Court with the documents discussed in the ADC, which were expressly referenced and described as the basis for the allegations as pled in the ADCs. Because the law allows for citing such materials under these circumstances, Defendants respectfully submit that sanctions are not warranted in this instance.

***Relevant case law governing the materials Courts may rely on in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) supports Defendants' citation of Exhibits A-H in Defendants' Opposition***

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts can properly consider the allegations in the complaint (or in this case affirmative defenses and counterclaims), as well as documents attached to or otherwise referenced therein. *See, e.g., Furman v. Sherwood*, 833 F.Supp. 408, 411 (S.D.N.Y. 1993) ("Our consideration of a number of defendants' exhibits is appropriate because each document is at least cited and discussed in the complaint."); *Ives v. Guilford Mills, Inc.*, 3 F. Supp. 2d 191, 195 (N.D.N.Y. 1998) ("[O]n a motion to dismiss for failure to state a claim, the Court is limited in its consideration to the complaint, documents attached to the complaint, undisputed documents alleged or referenced in the complaint, and public records."). Courts may also consider documents referenced in the pleading where it "relies heavily upon its terms and effect,' which renders the document integral to the complaint." *Chambers v. Time Warner*, 282 F.3d 147, 153 (2nd Cir. 2002) (internal citation omitted).

Moreover, when deciding a motion under Rule 12(b)(6), courts "may take judicial notice of documents in the public record, which includes records and reports of administrative bodies." *Volpe v. Nassau Cty.*, 915 F. Supp. 2d 284, 291 (E.D.N.Y. 2013); Fed. R. Evid. 201. This includes the file histories of U.S. patents. *See Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 345 (S.D.N.Y. 2014) (noting that a court "may take judicial notice of official records of the United States Patent and Trademark Office"); *Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 287 n. 3 (S.D.N.Y. 2010) (stating, in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that "[t]he Court may properly take judicial notice of official records of the United States Patent and Trademark Office and the United States Copyright Office"); *Anchor Sales & Mktg. v. Richloom Fabrics Grp., Inc.*, Noc. 15-cv-4442 (RA), 2016 U.S. Dist. Lexis 105030, * 2 n.1 (S.D.N.Y. Aug. 9, 2016) (stating, in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that "[t]he Amended Complaint does not refer to the [asserted patent's] prosecution history. The Court, however, 'may take judicial notice of official records of the [PTO]'").

Here, Defendants respectfully submit that each of the exhibits cited in Defendants' Opposition to Plaintiffs' motion to dismiss meets one or more of these criteria. Specifically, the table below identifies the exhibits cited in Defendants' opposition, the corresponding portion of their ADCs that cite to or otherwise reference that evidence, and the basis supporting Defendants' proper reliance on those exhibits in opposing Plaintiffs' motion.

August 11, 2020
Page 3

| Exhibits to Defendants' Opposition | References in Defendants' Amended Defense of Inequitable Conduct (DI 56) | References in Defendants' Counterclaim of Inequitable Conduct (DI 56) |
|---|---|---|
| A - U.S. Reissue Patent No. RE41,189** | ¶¶ 8, 13, 23-41, 47-51 | ¶¶ 16, 21, 31-49, 55-59 |
| B - U.S. Patent No. 6,811,610** | ¶¶ 9, 10, 12-15, 17, 20-22, 24-27, 31-34, 36, 38, 40-50 | ¶¶ 17, 18, 20-23, 25, 28-30, 32-35, 39-42, 44, 46, 48-58 |
| C - Deposition Testimony of Dr. Robert Frushour (June 11, 2020) | ¶¶ 14, 15, 33, 38, 49 | ¶¶ 22, 23, 41, 46, 57 |
| D - Dr. Wei Li's Laboratory Notebook | ¶¶ 14, 16, 38, 49 | ¶¶ 22, 24, 41, 46 |
| E - Frushour and Li Combined Declaration and Power of Attorney** | ¶¶ 9, 14, 38, 41, 43, 47, 49 | ¶¶ 17, 22, 46, 49, 51, 55, 57 |
| F - Compilation of Correspondence Between Kokulis and Singer [1] | ¶¶ 17, 36 | ¶¶ 25, 44 |
| G - Interference Declaration** | ¶¶ 12, 13, 15-17, 21, 26, 29, 30, 42-47 | ¶¶ 20, 21, 23-25, 29, 34, 37, 38, 50-55 |
| H - Reissue Declaration** | ¶¶ 22, 24, 30-34, 49 | ¶¶ 30, 52, 38-42, 57 |

** Also a public USPTO record of which the Court may take judicial notice.

To the extent Exhibits A-H to Defendants' Opposition involve matters outside of the pleadings, which for the reasons stated above Defendants' respectfully submit is not the case, the Federal Rules provide for an alternative mechanism for how to handle such evidence without the need to impose sanctions. *See* Fed. R. Civ. P. 12(d). In closing, Defendants respectfully submit that their reliance on Exhibits A-H in Defendants' Opposition was consistent with the governing law and does not merit sanctions.

---

[1] Plaintiff produced copies of certain letters shortly after Defendants' filing of the ADCs.

August 11, 2020
Page 4

        Respectfully submitted,

        /s/ Anand K. Sharma

        Counsel for PURE GROWN DIAMONDS, INC. and IIA TECHNOLOGIES PTE. LTD. d/b/a IIA TECHNOLOGIES Defendants

cc: counsel of record via ECF