```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CARNEGIE INSTITUTE OF WASHINGTON,    :
et al.,                              :
                                     :
       Plaintiffs,                   :
                                     :
           -v-                       :    20-cv-189 (JSR)
                                     :
PURE GROWN DIAMONDS, INC., et al.,   :
                                     :
       Defendants.                   :
                                     :
------------------------------------x
------------------------------------x
CARNEGIE INSTITUTE OF WASHINGTON,    :
et al.,                              :
                                     :
       Plaintiffs,                   :
                                     :
           -v-                       :    20-cv-200 (JSR)
                                     :
FENIX DIAMONDS, LLC,                 :
                                     :
       Defendant.                    :
                                     :
------------------------------------x
```

ORDER

JED S. RAKOFF, U.S.D.J.

On Monday, September 28, 2020, pursuant to the Court's Individual Rules, the parties in the above-captioned actions jointly called Chambers so that the defendants in both actions could make six applications to the Court. The Court heard continued argument from the parties yesterday (September 29) and authorized certain limited submissions by email last night. Having

1

considered these materials and the parties' arguments, and for the reasons stated on the call and herein, the Court rules as follows.

(1) The Court directed the parties to submit deposition excerpts in which counsel directed a witness not to answer. The Court reviewed those excerpts and takes no issue with the directions by defendants' counsel. The Court concludes that plaintiffs' counsel's directions not to answer were in some instances exercised somewhat more broadly than they should have been in light of the proffered reliance on the Court's previous orders. Nevertheless, the Court sees no evidence of bad faith. In this particular circumstance, the Court believes that the appropriate remedy is a short deposition of an M7D Corporation ("M7D") technical expert. M7D shall designate a 30(b)(6) witness to answer questions relating to whether M7D currently practices and/or has practiced the patented methods, and, if so, whether it was able to do so without a substantial period of experimentation. To that end, defendants may only depose this 30(b)(6) witness regarding M7D's CVD diamond manufacturing process(es) and any changes thereto during the relevant period. The deposition shall be limited to 2 hours. (At the deposition, the Court assumes that counsel will be far more circumspect in giving directions not to answer.) Defendants' additional requests to compel

2

      production of manufacturing documents and to compel an inspection of M7D's facilities are denied.

(2) Plaintiffs and/or plaintiffs' expert must produce, no later than 3 business days prior to the due date for rebuttal expert reports, all information not previously produced by plaintiffs and/or plaintiffs' expert regarding experiments done by plaintiffs' expert in his capacity as an expert witness in this case, and any other information relied upon by plaintiffs' expert in reaching his expert opinions in this case.

(3) At a 30(b)(6) deposition of Carnegie Institute of Washington ("Carnegie"), Carnegie's representative disclaimed knowledge on certain technical topics but indicated that Joseph Lai, a lab manager at Carnegie, might have such knowledge. Carnegie shall designate Lai as a 30(b)(6) witness for Carnegie. The defendants may depose Lai in that capacity for no more than two hours, limited to questions concerning whether Carnegie practices or has practiced the patented methods, and, if so, whether it was able to do so without a substantial period of experimentation. To that end, defendants may only depose Lai regarding Carnegie's CVD diamond equipment and manufacturing process(es) and any changes thereto during the relevant period. By the same token, to the extent any

3

       defendant has not offered a corporate representative to testify regarding that defendant's CVD diamond equipment and manufacturing process(es) and any changes thereto during the relevant period, that defendant shall either retroactively designate an individual witness's testimony on that topic as 30(b)(6) testimony or offer a new 30(b)(6) witness on that topic.

(4) Defendants may depose a Carnegie corporate representative about the ALTR and UAB/Applied Nanocarbon license agreements and related correspondence in a 30(b)(6) deposition limited to that topic and lasting no more than 30 minutes.

(5) Defendants may depose an M7D corporate representative about the ALTR license agreement and related correspondence in a 30(b)(6) deposition limited to that topic and lasting no more than 30 minutes.

(6) All remaining deadlines in the Case Management Order are extended by one week. The final pretrial conference and hearing on any dispositive motions is set for November 24, 2020, at 3:30 pm.

SO ORDERED.

Dated: New York, NY  
September 30, 2020

                                                     JED S. RAKOFF, U.S.D.J.