# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARNEGIE INSTITUTION OF WASHINGTON,<br><br>M7D CORPORATION,<br><br>    *Plaintiffs*,<br><br>v.<br><br>PURE GROWN DIAMONDS, INC.,<br><br>IIA TECHNOLOGIES PTE. LTD D/B/A IIA TECHNOLOGIES,<br><br>    *Defendants*. | Civil Action No. 1:20-cv-00189-JSR |

**SECOND AMENDED PLAINTIFFS' LOCAL PATENT RULE 6 DISCLOSURE TO DEFENDANTS**
<u>**PURE GROWN DIAMONDS, INC. AND IIA TECHNOLOGIES PTE. LTD.**</u>

Pursuant to Local Patent Rule 6 of the Southern District of New York and the Federal Rules of Civil Procedure, Plaintiffs Carnegie Institution of Washington and M7D Corporation (collectively, "Plaintiffs") hereby identify for Defendants Pure Grown Diamonds, Inc. and IIA Technologies Pte. Ltd. ("Defendants") a revised listing of each claim of U.S. Patent Nos. 6,858,078 and RE41,189 (collectively, the "Asserted Patents") that Plaintiffs contend is infringed by Defendants, and each of Defendants' infringing products or processes of which Plaintiffs are aware. As set forth in the attached exhibits and below, each of Defendants individually and/or collectively infringe the identified claims through the manufacture, sale, offer for sale, importation, and/or distribution of gem-quality lab-grown diamonds in the U.S.

This Disclosure is without any concession, agreement, admission, or waiver of any ultimate determination of relevance, admissibility, or discoverability of particular information for any purpose, and without waiver of any attorney-client, work product, or other privilege or immunity. Plaintiffs therefore reserve the right to supplement and/or amend this Disclosure at any time in view of any new information learned during discovery, and/or for any other reason permissible under the applicable Federal and Local Rules.

Plaintiffs make this Disclosure based on presently-available information, without the benefit of the completion of discovery, and without the benefit of direct access and inspection of Defendants' manufacturing processes and those of its suppliers and/or vendors. This Disclosure is based at least in part on publicly available information, and the discovery produced and obtained to date. Discovery in this case has not completed, and Plaintiffs' investigation of Defendants' infringement is ongoing. Accordingly, Plaintiffs may identify additional information as discovery progresses. Plaintiffs expressly reserve the right to amend this Disclosure to include additional asserted claims and/or products. This Disclosure is made based on information ascertained to date. Plaintiffs expressly reserve the right to modify or amend this Disclosure based on any position taken by Defendants in this action or any position implied by Defendants in their invalidity contentions. Plaintiffs further reserve the right to modify or amend this Disclosure to reflect additional information that becomes available to Plaintiffs as discovery proceeds.

As for products imported, sold, offered for sale, or used in the United States, by or on behalf of Defendants, which are made from a process covered by the Asserted Patents, Plaintiffs contend that a substantial likelihood exists that such products were made by the patented process. Plaintiffs have made and are continuing to make a reasonable effort to determine the precise

process used to produce the infringing product. Plaintiffs accordingly reserve all rights under 35 U.S.C. §§ 271 and 295 in making this disclosure.

Based on present information, Plaintiffs contend under 35 U.S.C. §§ 271(a) and 271(g) that Defendants directly infringe each of claims 1, 6, 11, 12, 16, and 20 of U.S. Patent No. 6,858,078, and claims 1 and 2 of U.S. Patent No. RE41,189, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing the below products, by performing the below processes, and/or by having the below processes performed. Specifically, Plaintiffs contend that IIa Technologies manufacture diamonds in accordance with the methods set forth in the claims above and, through a co-owned company, Pure Grown Diamonds distributes/sells said diamonds within the United States.

Plaintiffs further contend under 35 U.S.C. §§ 271(b) and 271(c) that Defendants indirectly infringe each above claim of the Asserted Patents by inducing and/or contributing to direct infringement by *inter alia* Defendants' known and unknown suppliers (including but not limited to each of Defendants Pure Grown Diamonds, LLC and IIa Technologies PTE Ltd.), and/or Defendants' vendors, downstream distributors, retailers, and/or end users.

Plaintiffs further contend that Defendants have willfully infringed, and continue to willfully infringe, each above claim of the Asserted Patents, with knowledge of the Asserted Patents and knowledge that their CVD diamonds and/or annealed diamonds infringe at least one claim thereof (or with willful blindness thereto).

**Products:** All diamonds manufactured through a chemical vapor deposition process ("CVD Diamonds"), including annealed diamonds ("Annealed Diamonds"), and all products incorporating CVD Diamonds or Annealed Diamonds, including but not limited to CVD Diamonds or Annealed Diamonds of any source or products incorporating the same, including

CVD Diamonds or Annealed Diamonds provided by both or either of IIa Technologies PTE Ltd. or Pure Grown Diamonds, LLC and products incorporating the same.[1]  To the extent any unlisted products infringe in substantially the same way as any listed products, the unlisted products should also be considered accused in this case.

**Processes:** Manufacture of CVD Diamonds (including, but not limited to the creation, growth, clarification, processing, and post-processing treatment of CVD Diamonds, further including but not limited to CVD deposition, annealing, processing of CVD Diamonds that alters their optical property/properties, testing of CVD Diamonds, and testing of Annealed Diamonds); Advertising, marketing, and promotion of CVD Diamonds or Annealed Diamonds or any products incorporating CVD Diamonds or Annealed Diamonds; Distribution of CVD Diamonds or Annealed Diamonds or any products incorporating CVD Diamonds or Annealed Diamonds; Importation into the United States of CVD Diamonds or Annealed Diamonds or any products incorporating CVD Diamonds or Annealed Diamonds; Offering to sell CVD Diamonds or Annealed Diamonds or any products incorporating CVD Diamonds or Annealed Diamonds within the United States; Selling CVD Diamonds or Annealed Diamonds or any products incorporating CVD Diamonds or Annealed Diamonds within the United States; and Using CVD Diamonds or Annealed Diamonds or any products incorporating CVD Diamonds or Annealed Diamonds within the United States. To the extent any unlisted processes infringe in substantially the same way as any listed processes, the unlisted processes should also be considered accused in this case.

---

[1] See, e.g., Complaint ¶¶81–91; Press release, "World's Largest Pure Grown Diamond Unveiled," PR Newswire (Dec. 8, 2014), https://tiny.cc/0qs7gz; https://puregrowndiamonds.com/#; https://puregrowndiamonds.com/; https://puregrowndiamonds.com/about/; http://2atechnologies.com/technology-overview/; http://2atechnologies.com/technology-value-chain/; http://2atechnologies.com/history/; http://2atechnologies.com/industrial-diamond-applications/.

August 31, 2020

**PERKINS COIE LLP**

By:/s/ *Terrence J. Wikberg*

    Matthew J. Moffa
    PERKINS COIE LLP
    1155 Avenue of the Americas
    22nd Floor
    New York, NY 10036-2711
    Telephone: (212) 261-6857
    Fax: (212) 399-8057
    e-mail: MMoffa@perkinscoie.com

    Terrence J. Wikberg (*admitted pro hac vice*)
    Michael A. Chajon (*admitted pro hac vice*)
    PERKINS COIE LLP
    607 14th Street, NW
    Washington, DC 20005
    Telephone (202) 434-1649
    Fax: (202) 654-9149
    e-mail: TWikberg@perkinscoie.com
           MChajon@perkinscoie.com

    Amy E. Simpson (*admitted pro hac vice*)
    Kevin Patariu
    PERKINS COIE LLP
    11452 El Camino Real, Suite 300
    San Diego, CA 92130-3334
    Telephone: (858) 720-5702
    Fax: (858) 720-5799
    e-mail: ASimpson@perkinscoie.com
           KPatariu@perkinscoie.com

    Michelle Umberger (*admitted pro hac vice*)
    PERKINS COIE LLP
    33 East Main Street, Suite 201
    Madison, WI 53703-3095
    Telephone: (608) 663-7466
    Fax: (608) 663-7499
    e-mail: MUmberger@perkinscoie.com

    Sarah Fowler (*admitted pro hac vice*)
    PERKINS COIE LLP
    3150 Porter Drive
    Palo Alto, CA 943041212
    Telephone: (650) 838-4489

Fax: (650) 838-4350
e-mail: SFowler@perkinscoie.com
*Counsel for Plaintiffs*
*Carnegie Institution of Washington and M7D*
*Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2020, I caused to be served copies of the foregoing AMENDED PLAINTIFFS' LOCAL PATENT RULE 6 DISCLOSURE TO DEFENDANTS PURE GROWN DIAMONDS, INC. AND IIA TECHNOLOGIES PTE. LTD. on the following counsel via email:

Anand K. Sharma
J. Preston Long
Gerald F. Ivey
Cecilia Sanabria
Amy L. Fulton
Karthik Kumar
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001
anand.sharma@finnegan.com
j.preston.long@finnegan.com
gerald.ivey@finnegan.com
cecilia.sanabria@finnegan.com
amy.fulton@finnegan.com
karthik.kumar@finnegan.com

William P. Deni
J. Brugh Lower
Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
wdeni@gibbonslaw.com
jlower@gibbonslaw.com

*Counsel for Defendants Pure Grown Diamonds, Inc. and IIa Technologies Pte. Ltd.*

Dated:  August 31, 2020

By: /s/ *Terrence J. Wikberg*
Terrence J. Wikberg (*admitted pro hac vice*)
PERKINS COIE LLP

*Counsel for Plaintiffs
Carnegie Institution of Washington and M7D Corporation*