# EXHIBIT 80



FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**J. PRESTON LONG, PH.D.**
(202) 408-4347
jp.long@finnegan.com

May 8, 2020

**VIA EMAIL**

Sarah E. Fowler
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: (650) 838-4489
Fax: (650) 838-4350
SFowler@PerkinsCoie.com

<u>Carnegie Institution of Washington et al. v. Pure Grown Diamonds, Inc. et al.</u>

Dear Sarah,

Plaintiffs complain that "PGD and IIA are improperly withholding discoverable information." Defendants disagree.

As a preliminary matter—and as mentioned in Defendants' letter dated May 6—both defendants' offices have been closed for some time, and continue to be closed, due to the COVID-19 pandemic. The New York City and Singapore areas where the PGD and 2AT Defendants are respectively based have been, and continue to be, under strict lock-down orders. Because both defendants' offices have been closed for some time, and continue to be closed, and due to reduced staff, their abilities to identify and collect responsive documents are limited. Notwithstanding these challenges, Defendants continue in their efforts to identify whether responsive documents may be available remotely. Defendants expect to begin producing responsive documents next week and to continue on a rolling basis.

Unlike Defendants, Plaintiffs did not face these obstacles in the documents that should have been collected as part of its due diligence. Several categories of documents responsive to Defendants discovery requests should have been collected months before the pandemic's effect on the U.S. and at least prior to the filing of the Complaint on January 9, 2020. Plaintiffs' limited production and responses to Defendants' Interrogatories and Requests for Production indicate that they plan to withhold properly discoverable information. Moreover, Plaintiffs have yet to produce any documents on the conception, reduction to practice, or inventorship of the asserted patents. Also missing from Plaintiffs limited production are any agreements showing the transfer of

Sara E. Fowler
May 8, 2020
Page 2

any rights to the asserted patents, including ownership and licensing. Worse still, Plaintiffs have produced no documents on its manufacturing process as it relates to the asserted patents, much less sales, marketing, and financial information for any products that it alleges practice the technologies of the asserted patents. Those categories of relevant and responsive information are addressed in several of Defendants discovery requests as outlined below. Defendants first address those and other deficiencies, then respond to Plaintiffs' complaints lodged against Defendants' discovery responses in Plaintiffs' letter dated May 1.

**Defendants' Objections**

Plaintiffs' limited production and responses to Defendants' Interrogatories and Requests for Production indicate that they plan to withhold properly discoverable information.

For example, with regard to Interrogatory No. 4, please explain why Plaintiffs believe the identity of "persons with meaningful knowledge about . . . any pre-suit investigation" or "the allegations in [Plaintiffs'] Complaint" is protected by a legal privilege. Defendants are not aware of any privilege that would shield the identity of such individuals. Additionally, please confirm that Plaintiffs intend to search for, and do not intend to withhold, non-privileged documents and communications regarding "any pre-suit investigation" or "the allegations in [Plaintiffs'] Complaint."

With regard to Interrogatory No. 6, Plaintiffs fail to identify knowledgeable persons, documents, or communications about Plaintiffs' sales and related transfers of CVD diamonds. This interrogatory is relevant at least to damages, objective indicia of non-obviousness, conception and reduction to practice, and invalidity. Please explain why Plaintiffs believe Defendants are not entitled to the full scope of this interrogatory.

As to Defendants' RFPs, many of Plaintiffs' responses (e.g., at least to RFP Nos. 1-7, 10, 17, 21, 22, 25-30, 41-44, 47, 49, and 57) indicate they will only produce documents regarding the "Patents-in-Suit" even though Defendants requested documents regarding the "Relevant Patents." Plaintiffs' objections to the term "Relevant Patent" is inappropriate, as are Plaintiffs' restriction of its responses to the "Patents-in-Suit" when the requests seek information regarding the "Relevant Patents." Documents concerning the Relevant Patents, by their nature, are relevant to the Patents-in-Suit given the shared subject matter of the Relevant Patents. Plaintiffs themselves seek even broader information from Defendants in Requests to PGD Nos. 91-93 and Requests to 2AT Nos. 89-91. Wherever Defendants request documents involving the "Relevant Patents," Plaintiffs indicate they will only provide the documentation involving the "Patents-in-Suit" or even to only the asserted claims of the Patents-in-Suit. Such limitations improperly exclude relevant information. Please explain why Plaintiffs believe imposing such limitations in response to Defendants' RFPs is proper.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Sara E. Fowler
May 8, 2020
Page 3

Relatedly, many of Plaintiffs' responses (e.g., at least to RFP Nos. 2-7, 10, 17, 47, and 49) indicate they will only produce documents "directly related" to the Patents-in-Suit. It is unclear what "directly related" means, but it seems that Plaintiffs intend to produce less than the full scope of documents requested by Defendants. Please explain why Plaintiffs believe imposing such limitations in response to Defendants' RFPs is proper.

In addition to these general objections, which Plaintiffs impose on numerous RFPs, please explain why Plaintiffs believe Defendants are not entitled to the full scope of their requests in the following specific RFPs:

**RFP No. 1.** This request seeks documents and things related to the Relevant Patents or any of the Inventors of the Relevant Patents. This information is relevant to at least standing, inequitable conduct, inventorship, conception and reduction to practice, invalidity, claim scope, infringement, and whether any inventors may have made any statements inconsistent with Plaintiffs' positions in this case. Please explain why Plaintiffs contend that Defendants are not entitled to the full scope of responsive information. Please also confirm Plaintiffs do not intend to withhold any documents, communications, or other information about or involving Robert Frushour.

**RFP No. 9**. This request seeks documents and things relating to technology relevant to the claimed processes. This request seeks information relevant to at least inventorship, the state of the art, invalidity, infringement, claim scope, and conception and reduction to practice. Please explain why Plaintiffs contend that Defendants are not entitled to the full scope of responsive information.

**RFP No. 11.** This request seeks documents and things relating to the invention of U.S. Patent No. 6,811,610, which reissued as one of the Patents-in-Suit. This request bears directly upon at least inventorship of the Patents-in-Suit, inequitable conduct, standing, invalidity, state of the art, conception and reduction to practice, claim scope, and infringement. Please explain why Plaintiffs contend that Defendants are not entitled to the full scope of responsive information.

**RFP No. 12.** This request seeks documents and things relevant to the subject matter disclosed, discussed, or described in the Relevant Patents. This request seeks information relevant to, for example, state of the art, claim scope, invalidity, inventorship, standing, and conception and reduction to practice. Please explain why Plaintiffs contend that Defendants are not entitled to the full scope of responsive information.

**RFP Nos. 13-16.** These requests seek documents and things related to the claimed processes and related technologies that predate the Patents-in-Suit. These requests seek information relevant at least to invalidity, state of the art, claim scope, inequitable conduct, and standing. Please explain why Plaintiffs contend that Defendants are not entitled to the full scope of responsive information.

Sara E. Fowler
May 8, 2020
Page 4

**RFP No. 20.** This request seeks documents and things related to objective indicia of obviousness and non-obviousness. This information is relevant at least to invalidity. Plaintiffs indicate they intend only to produce "documents on which Plaintiffs will rely," rather than the full scope of Defendants' request. It is improper for Plaintiffs to produce only information on which they intend to rely. Defendants are entitled to all relevant information, including information that may undermine Plaintiffs' positions or support Defendants' positions. This request is specifically worded to underscore that fact. Please explain why Plaintiffs contend that Defendants are not entitled to the full scope of responsive information.

**RFP No. 24.** This request seeks information about statements made by the alleged inventors of the subject matter at issue in this case. This request seeks information relevant to witness credibility, as well as whether the inventors have made any statements that may be inconsistent with their testimony or Plaintiffs' positions in this case. Please explain why Plaintiffs contend that Defendants are not entitled to the full scope of responsive information.

**RFPs No. 33-38.** These requests seek documents on the structure and design of equipment and process conditions related to the claimed methods. These requests seek information relevant at least to claim scope, infringement, invalidity, state of the art, damages, and design-arounds. Please explain why Plaintiffs contend that Defendants are not entitled to the full scope of responsive information in these requests.

**RFP Nos. 45-49.** These requests seek documents directly relating to damages. Please explain why Plaintiffs contend that Defendants are not entitled to the full scope of responsive information, including why Plaintiffs contend that Defendants are not entitled to licensing information pertaining to the Relevant Patents.

**RFP No. 54.** Plaintiffs failed to respond to this request. Please confirm that Plaintiffs intend to supplement their responses to address this request.

**RFP No. 58.** Plaintiffs' response to this request indicates that they may intend to withhold responsive documents in their possession, custody, or control because they are also publicly available. Please confirm that Plaintiffs do not intend to do so.

**RFP No. 60.** This request seeks documents and information relevant at least to damages, design-arounds, infringement, and objective indicia of non-obviousness. Please explain why Plaintiffs contend that Defendants are not entitled to the full scope of responsive information.

**PGD's Interrogatory Responses**

Plaintiffs' concerns about PGD's responses to Interrogatory Nos. 2-5 are unfounded. As PGD have stated previously on several occasions, PGD is only a diamond

Sara E. Fowler
May 8, 2020
Page 5

wholesaler/trader. It does not manufacture CVD diamonds and does not have any information responsive to interrogatories 2-4. For example, no witnesses or information exist regarding PGD's production process because PGD has no production process. Similarly, no witnesses or information exist regarding equipment PGD uses to manufacture CVD diamonds because PGD does not manufacture CVD diamonds.

PGD has identified Marilyn Williams as being a person knowledgeable about PGD's alleged distribution, offer for sale, use, and importation of CVD diamonds. Regarding the custodian, location, and general description of related physical evidence, PGD has custody of certain electronic and physical documents located at PGD's New York City office, which it will collect and produce. PGD will supplement its response to Interrogatory No. 5 accordingly to reflect that additional information.

Defendants also disagree with Plaintiffs' suggestion that PGD's responses to Interrogatory Nos. 2-5 are deficient because it has not identified 2AT's information. None of PGD's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates have 2AT's information in their possession, custody, or control. As Defendants have stated previously, PGD and 2AT have no corporate relationship.[1]

Plaintiffs' concerns about the witness PGD identified responsive to Interrogatory Nos. 1-3 are also unfounded. That Plaintiffs identified more witnesses than PGD in response to Defendants' interrogatories has no bearing on whether PGD provided a sufficient response to Plaintiffs' interrogatories. It merely reflects that (i) Defendants submitted more interrogatories than Plaintiffs and (ii) Plaintiffs apparently have a much larger enterprise than PGD. ██████████████████████████ and Ms. Williams is knowledgeable about the information Plaintiffs have specified.

**2AT's Interrogatory Responses**

Plaintiffs' Interrogatory No. 1 seeks the identity of "witnesses with knowledge of information relevant to the subject matter of the action," including specific activities in the United States. Plaintiffs mistakenly assume 2AT engages in activities in the United States. No witness at 2AT is knowledgeable about the specific activities identified in Interrogatory No. 1 because it does not engage in those activities in the United States. Given the excessively broad scope of the remaining language of Interrogatory No. 1, 2AT has identified Vishal Mehta because he is the only person at 2AT capable of speaking broadly to all "information relevant to the subject matter of the action."

---

[1] Plaintiffs are correct that the references to "2AT" in PGD's objections and responses to the Interrogatories are copy/paste errors. Each of those instances should read, "PGD."

Sara E. Fowler
May 8, 2020
Page 6

Regarding Interrogatory No. 2, the process used in 2AT's production of CVD diamonds is a closely held trade secret known to a very limited number of people. To the extent Plaintiffs wish to depose more than Vishal Mehta regarding this topic, 2AT is willing to meet and confer regarding the reasons Plaintiffs believe it would be necessary, despite the highly sensitive nature of the information.

2AT's investigation is ongoing, and it will supplement its response to Interrogatory No. 3 to the extent Vishal Mehta is not the only witness knowledgeable about every category identified in Interrogatory No. 3 (written using the conjunctive "and"): 2AT's "conception, design, development, manufacture, modification, operation, use, and purchase of equipment" used in to manufacture its CVD diamonds.

Regarding Interrogatory Nos. 4-5, 2AT will supplement its responses to identify the "existence, custodian, location, and general description" of the physical evidence described.

**Preliminary Statements and General Objections to Requests for Production**

PGD and 2AT do not intend to withhold responsive documents dated after January 9, 2020. Defendants' objection is directed to information Plaintiffs have requested that would in large part be privileged after the filing date of the Complaint. Defendants do not intend to prepare privilege logs for (or produce) privileged information created after that date.

Plaintiffs' suggestion that "PGD and 2AT will only produce 'representative or exemplary information'" is incorrect. Defendants' state that they "will provide a good faith response to the requests, *including* representative or exemplary information" (emphasis added). That is, Defendants will make good-faith efforts to conduct reasonable searches for responsive information, but they will not guarantee they can discover "all" responsive information. Moreover, many of Plaintiffs requests for "all" information are disproportionate to the needs of the case, but Defendants are willing to meet and confer with Plaintiffs to establish a reasonable scope for such requests.

Plaintiffs indicate that "Preparation" of diamonds is relevant to the "use" of infringing products. Defendants disagree that "appraisal" constitutes a "use" within the meaning of 35 U.S.C. § 271. Looking at an item, without more, is not a "use." Additionally, "use" is only relevant within the United States. To the extent Defendants are able to locate responsive information relating to the cutting, polishing, engraving, setting, or creation of jewelry using CVD diamonds within the United States, they will produce it.

**PGD and 2AT's Specific Objections to Requests for Production**

As to the complaints regarding Defendants' specific objections to Plaintiffs' RFPs, Defendants respond as follows:

Sara E. Fowler
May 8, 2020
Page 7

***Requests to PGD Nos. 21-25; Requests to 2AT Nos. 22-26.*** To begin, Plaintiffs have mischaracterized Defendants' responses. Neither PGD nor 2AT stated that Plaintiffs are not entitled to information. As stated in PGD's and 2AT's objections and responses to these requests for production, Defendants are willing to meet and confer with Plaintiffs to better understand the scope of what Plaintiffs are requesting. As written, however, these requests are far too broad and amorphous.

It is unclear, for example, what the terms "failure, shortcoming, deficiency, or limitation" mean or how every conceivable "failure, shortcoming, deficiency, or limitation" of every CVD diamond might be relevant. This is even more problematic when the request asks for information not only about Defendants' diamonds, but about every "failure, shortcoming, deficiency, or limitation" of CVD diamonds generally and of CVD diamonds disclosed and claimed in the Asserted Patents. To the extent Plaintiffs believe this is relevant to the commercial successes of CVD diamonds, as stated in Plaintiffs' letter, it is cumulative of Plaintiffs' requests for "[a]ll documents, things, and communications concerning the commercial success of CVD Diamonds."

Defendants are willing to meet and confer to discuss what, specifically, Plaintiffs are seeking with regard to any alleged commercial success and to provide documents responsive to an appropriately tailored request. As written, however, Defendants cannot translate these requests into meaningful document searches without undue burden. Moreover, the only commercial success relevant to this case is the commercial success of the specific processes recited in the asserted claims, not the commercial success of CVD diamonds generally.

***Requests to PGD Nos. 31 and 36; Requests to 2AT No. 32 and 37.*** Again, Plaintiffs have mischaracterized Defendants' responses. Neither PGD nor 2AT stated that Plaintiffs are not entitled to information. As stated in PGD's and 2AT's objections and responses to these requests for production, Defendants are willing to meet and confer with Plaintiffs to better understand the scope of what Plaintiffs are requesting. As written, however, these requests are far too broad and amorphous. Request No. 37 to 2AT, for example, is so broad as to cover virtually all (if not all) technical documents 2AT has ever created. That is far too burdensome and not proportional to the needs of the case.

To the extent Plaintiffs seek information regarding development and improvement of 2AT's manufacturing processes, reverse engineering, and design-around efforts, as stated in Plaintiffs' letter, 2AT is willing to meet and confer to discuss what, specifically,

Sara E. Fowler
May 8, 2020
Page 8

Plaintiffs are seeking in that regard and to provide documents responsive to a request appropriately tailored and proportional to the needs of this case.[2]

***Requests to PGD Nos. 45-53; Requests to 2AT Nos. 46-51.*** Again, Plaintiffs have mischaracterized Defendants' responses. Neither PGD nor 2AT stated that Plaintiffs are not entitled to information. As stated in PGD's and 2AT's objections and responses to these requests for production, Defendants are willing to meet and confer with Plaintiffs to better understand the scope of what Plaintiffs are requesting. As written, however, these requests are far too broad and amorphous.

By defining "PGD" and "IIA" to include "present and former officers, directors, . . . [and] employees," Plaintiffs are requesting every social media post ever made by anyone who has ever worked for or sat on the board of PGD or 2AT. The burden on Defendants is not proportional to Plaintiffs' alleged need for such information. PGD and 2AT will search for posts and/or embedded video content they may have made, in their respective corporate capacities, to the specific social media sites identified in Plaintiffs' requests, and if such information is in their possession, custody, or control, they will produce it. If Plaintiffs desire more, Defendants are willing to meet and confer to consider additional specific requests.

***Requests to PGD Nos. 57-84; Requests to 2AT Nos. 55-82.*** Again, Plaintiffs have mischaracterized Defendants' responses. Neither PGD nor 2AT stated that Plaintiffs are not entitled to information. As stated in PGD's and 2AT's objections and responses to these requests for production, Defendants are willing to meet and confer with Plaintiffs to better understand the scope of what Plaintiffs are requesting. As written, however, these requests are once again far too broad and amorphous.

For example, Plaintiffs have requested "[a]ll documents, things, and communications concerning" a number of topics. Such requests are far too broad and not proportional to the needs of the case. In addition, some of the topics are themselves far too broad. For example, Request No. 63 to 2AT asks generally for documents about whether "a CVD diamond" (as opposed to 2AT's CVD diamonds) is "all, substantially, or partially a single-crystal diamond." Plaintiffs almost certainly already have documents that show the various types of crystallinity CVD diamonds can have, and if not, that information can be easily found through public means.

---

[2] PGD almost certainly has no information regarding manufacturing processes, reverse engineering, or design-around efforts, but it would be willing to discuss the scope of Plaintiffs' request and search for documents within the scope of an appropriately tailored request.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Sara E. Fowler
May 8, 2020
Page 9

To the extent Plaintiffs are seeking documents sufficient to show certain, specific things, Defendants are willing to meet and confer and provide documents in response to a request with appropriate scope.

***Requests to PGD No. 87; Request to 2AT Nos. 85.*** Again, Plaintiffs have mischaracterized Defendants' responses. Neither PGD nor 2AT stated that Plaintiffs are not entitled to information. As stated in PGD's and 2AT's objections and responses to these requests for production, Defendants are willing to meet and confer with Plaintiffs to better understand the scope of what Plaintiffs are requesting. As written, however, these requests are again far too broad and amorphous.

Plaintiffs have requested "[a]ll documents, things, and communications concerning" a number of topics. Such requests are far too broad and not proportional to the needs of the case. To the extent Plaintiffs are seeking documents sufficient to show certain, specific things, Defendants are willing to meet and confer and provide documents in response to a request with appropriate scope.

***Requests to PGD Nos. 89-90; Requests to 2AT Nos. 87-88 (inspection/entry onto land).*** The facility covered by Plaintiffs' request is 2AT's facility located in Singapore. We will need to discuss reciprocal inspections of facilities. In that context, we will need to discuss confidentiality provisions and logistics as we meet and confer on this and other issues. That said, the Singapore facility is presently closed, and Singapore has imposed travel restrictions.

***Requests to PGD Nos. 91-93; Requests to 2AT Nos. 13, 89-91.*** Again, Plaintiffs have mischaracterized Defendants' responses. Neither PGD nor 2AT stated that Plaintiffs are not entitled to information. As stated in PGD's and 2AT's objections and responses to these requests for production, Defendants are willing to meet and confer with Plaintiffs to better understand the scope of what Plaintiffs are requesting. As written, however, these requests are once again far too broad and amorphous.

Plaintiffs again request "[a]ll documents, things, and communications concerning" a number of topics. Such requests are far too broad and not proportional to the needs of the case. To the extent Plaintiffs are seeking documents sufficient to show certain, specific things, Defendants are willing to meet and confer and provide documents in response to a request with appropriate scope.

Defendants also note that most of these requests appear to seek either public documents readily locatable and available to Plaintiffs, or they appear to seek privileged information made in connection with preparing those statements. Although Defendants are willing to meet and confer and provide documents in response to a request with appropriate scope, they are not obligated to produce documents that fall into those categories.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Sara E. Fowler
May 8, 2020
Page 10


With regard to the Element Six litigation, 2AT is willing to meet and confer regarding why Plaintiffs believe materials from an unrelated litigation involving different patents and a different plaintiff in a foreign country are relevant to this case.


                                                            Sincerely,

                                                            /s/ J.P. Long


JPL/mrd

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP